IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERIC MILLER

       Plaintiff,                No. CIV S-10-0284 GEB DAD PS

     v.

WELLS FARGO HOME MORTGAGE,    FINDINGS AND RECOMMENDATIONS
FIRST AMERICAN LOANSTAR
TRUST SERVICES,

       Defendants.

_____/

       This case came before the court on March 26, 2010, for hearing on the motion to dismiss or strike plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8, 12(b)(6) and 12(f) brought on behalf of defendants Wells Fargo Home Mortgage and First American Loanstar Trustee Services. (Doc. Nos. 10 and 15.) Nathaniel Peters appeared on behalf of defendant Wells Fargo Home Mortgage and Lawrence Harris appeared telephonically on behalf of defendant First American Loanstar Trustee Services. Plaintiff did not file written opposition to the defendants' motions to dismiss nor did he appear at the hearing.[1] Upon consideration of all written materials

---

[1] Counsel for defendants advised the court at the hearing that following the removal of this action to federal court, plaintiff sued the Clerk of the Sacramento County Superior Court for refusing to accept documents plaintiff attempted to file in the removed state court action.

1

filed in connection with the motion, counsels' arguments at the hearing, and the entire file, the undersigned recommends that defendants' motion be granted without leave to amend and that this case proceed only with respect to defendant HBA Mortgage, Inc. who filed an answer to plaintiff's complaint on February 16, 2010.

## BACKGROUND

Plaintiff originally filed his complaint in the Sacramento County Superior Court on December 31, 2009.  On February 3, 2010, defendant Wells Fargo Home Mortgage  removed the action pursuant to 28 U.S.C. §§ 1441(b) and 1446 on the grounds that over plaintiff's claims for foreclosure by way of "fraudulent inducement" and "illegal usury practices" which are completely preempted under the National Bank Act (12 U.S.C. §§ 85, 86) and that this court had jurisdiction over the action pursuant to 28 U.S.C. § 1331.  See Notice of Removal (Doc. No. 1).

## PLAINTIFF'S CLAIMS

In his verified complaint, plaintiffs alleges as follows.  Defendants did "obligate him" into a fraudulent transaction with respect to his home mortgage and, along with their attorney, engaged in a foreclosure on that property "by way of fraud by way of inducement and illegal usury practices, policies and procedures." (Notice of Removal (Doc. No. 1), Compl. at 9 of 68.[2])  Specifically, on November 10, 2006 defendants purported to lend plaintiff $440,000 on his home located at 2221 Portola Way in Sacramento, California. (Id at. 15.)  Defendants acted in bad faith by fraudulently inducing plaintiff to enter into this loan transaction knowing that he would default on the loan. (Id.)  On or about August 28, 2008 and thereafter, plaintiff wrote to the defendants making reasonable counter-offers seeking a loan modification but his offers were rejected. (Id. at 16.)  Plaintiff  eventually defaulted on his loan on June 7, 2009. (Id.)  Defendants have failed to produce "the original blue ink certified promissory note" thereby "precluding any lawful resolution of this matter." (Id. at 19.)  Plaintiff alleges that as a result of the defendants

---

[2] The page numbers cited to herein are those that appear in the court's CM/ECF system.

1 wrongful acts he has suffered damages (including those related to the loss of his home, his job,
2 pain and suffering, etc.) in the total amount of almost $6.5 million.

3       At the outset, defendants have requested that the court take judicial notice of the
4 official documents related to the matters at issue.  (Doc. Nos. 11 and 16.)  Specifically, defendants
5 request that the court take judicial notice of the following official documents related to plaintiff's
6 mortgage loan transaction:  the Promissory Note signed and initialed by plaintiff on October 12,
7 2006;  the Deed of Trust dated October 12, 2006, executed by plaintiff and recorded in the
8 Sacramento County Recorder's Office on October 24, 2006[3]; the Notice of Default and Election to
9 Sell Under Deed of Trust dated May 7, 2009 and recorded with the Sacramento County
10 Recorder's Office on May 11, 2009; the Substitution of Trustee recorded in the Sacramento
11 County Recorder's Office on June 12, 2009; the Assignment of Deed of Trust recorded in the
12 Sacramento County Recorder's Office on June 19, 2009; the Notice of Trustee's Sale recorded in
13 the Sacramento County Recorder's Office on August 12, 2009 and the Trustee's Deed Upon Sale
14 dated December 17, 2009 and recorded in the Sacramento County Recorder's Office on December
15 22, 2009.  (Doc. No. 11, Exs. A-F; Doc. No. 16, Exs. A-D.)[4]

16       Defendants' requests for judicial notice will be granted pursuant to Federal Rule of
17 Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion
18 to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803
19 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of
20 matters of public record outside the pleadings).
21 /////

---

23    [3] This exhibit reflects that plaintiff's mortgage was what is typically referred to as a 5-year adjustable rate mortgage with an initial interest rate of 6.375%.  Plaintiff defaulted on the
24 loan in 2009, well before the rate adjustment was scheduled to take place in November of 2011.

25    [4] Defendant Wells Fargo Home Mortgage also request that judicial notice be taken of the list of active National Banks as of December 31, 2009 in support of the removal of this action.
26 (Doc. No. 16, Ex. E.)

DEFENDANTS' ARGUMENTS

Defendants seek dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6) on the grounds that he has failed to state any cognizable claim.[5] Specifically, defendants argues that plaintiff's claim for usury under the National Bank Act is both time-barred pursuant to the applicable two-year statute of limitations and fails to state a cognizable claim because the interest rate charged to plaintiff on the loan was not in excess of that permitted by the State of South Dakota, the home state of defendant Wells Fargo Bank. Defendants also argue that plaintiff's fraud claims fail because they are not alleged with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. Finally, defendants contend that the allegations of plaintiff's complaint fail to state cognizable claims for rescission, unfair debt collection practices, violation of the Real Estate Settlement Procedures Act (RESPA), negligence, unjust enrichment, conspiracy or wrongful foreclosure based on the alleged failure to produce the original promissory note.

As noted above, plaintiff has filed no written opposition to the motion and did not appear at the hearing on defendants' motions to dismiss.

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

---

[5] In addition, defendant First American Loanstar Trustee Services moves to dismiss pursuant to Federal Rule of Civil Procedure 8 on the grounds that plaintiff's complaint does not include a short and plain statement of the claimed basis for relief and to strike plaintiff's prayer for relief pursuant to Federal Rule of Civil Procedure 12(f).

4

plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

With regard to claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Thus, pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[6]

For the reasons set forth below, the undersigned will recommend that defendants' motions to dismiss be granted.

---

[6] "Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

ANALYSIS

The undersigned finds plaintiff's failure to file written opposition and to appear at the hearings on defendants' motions to dismiss, considered together with his failure to participate in this action since its removal to this court, should be deemed a statement of no opposition to the granting of defendants' motions. Nonetheless, in light of plaintiff's pro se status, the undersigned has reviewed defendants' arguments and addresses each of them briefly below.

I.      Usury

In his complaint plaintiff refers to the "illegal usury practices" of defendants. Any usury cause of action fails for several reasons.

Defendant Wells Fargo is a National Bank. (Doc. No. 16, Ex. E.) Title 12 U.S.C. § 85 limits the rate of interest charged by National Banks to that allowed by the laws of the State where the bank is located. Title 12 U.S.C. § 86 provides that any action brought under § 85 must be commenced within two years from the time the allegedly usurious transaction occurred. Here, the mortgage loan in question was originated in November of 2006. Plaintiff's complaint was not filed in the Sacramento County Superior Court until December 31, 2009, more than three years after the loan was originated. Any cause of action for usury is therefore time-barred.

Moreover, defendant Wells Fargo Bank appears to be a citizen of South Dakota. South Dakota law does not set a maximum interest rate so long as that rate is set by written agreement, as is the case here. See South Dakota Codified Laws § 54-3-1.1.

Finally, even under California law plaintiff has failed to state a cognizable claim for usury. The essential elements of such a claim under California law are: the transaction must be a loan or forbearance; the interest to be paid must exceed the statutory maximum; the loan and interest must be absolutely repayable by the borrower; and the lender must have the willful intent to enter into a usurious transaction. Ghirardo v. Antonioli, 8 Cal.4th 791, 798 (1994); WRI Opportunity Loans II LLC v. Cooper, 154 Cal. App.4th 525, 533 (2007). There is a rebuttable presumption that a transaction is not usurious. Ghirardo, 8 Cal.4th at 798-99. A loan that charges

an interest rate greater than 10 percent per annum is usurious under California law.  Henderson Receivables Origination LLC v. Sioteco, 173 Cal. App.4th 1059, 1076 (2009) (citing Regents of University of California v. Superior Court of Alameda County, 17 Cal.3d 533, 536 (1976)). Any cause of action for usury under California law fails here because plaintiff has failed to set forth specific factual allegations in support thereof, including whether defendant Wells Fargo had a willful intent to enter into a usurious transaction.  Plaintiff has cited no California or federal authority in support of this claim.  Furthermore, the Deed of Trust indicates that although the interest rate under the loan could have been adjusted in November 2011, from the time the loan was originated through the date plaintiff stopped paying on that loan the interest rate remained at 6.375%, far below the maximum interest rate allowed by law in California.

Any cause of action for usury presented by plaintiff's complaint should therefore be dismissed as to the two moving defendants without leave to amend.  See Jiramoree v. Homeq Servicing, et al., No. CV 08-07511 SJO (Ex), 2009 WL 605817, *1-2 (C.D. Cal. Mar.9, 2009) (dismissing plaintiff's usury cause action for failure to state a claim stemming from a foreclosure following his default on his mortgage loan); Bouyer v. GMAC Mortgage, Civ. No. S-08-3022 GEB GGH PS, 2009 WL 2877603, *4 (E.D. Cal. Sept. 3,2009).

II.   Wrongful Foreclosure/Rescission

Defendants correctly observe that to the extent plaintiff seeks a declaration that the foreclosure proceedings in his case were unlawful and/or for the rescission of his mortgage loan agreement, his claims fail because he has not alleged the ability to tender the entire amount due on the mortgage loan to the lender.

> "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."  Karlsen v. American Sav. & Loan Assn., 15 Cal. App.3d 112,117 (Cal. App.2d Dist.1971). The overwhelming majority of California district courts utilize the Karlsen rationale in examining wrongful foreclosure claims.  Anaya v. Advisors Lending Group, 2009 U.S. Dist. LEXIS 68373, 2009 WL 2424037 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial

7

foreclosure"); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 U.S. Dist. LEXIS 53920, 2009 WL 1813973 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999).

Somera v. Indymac Federal Bank, FSB, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010). See also Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission "*should* be conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds).[7]

Because plaintiff has not alleged any facts supporting his ability to tender payment, defendants' motions to dismiss those causes of action seeking to enjoin foreclosure proceedings or order rescission of the loan agreement should be granted.[8]

/////

---

[7] Likewise, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934). See also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title.") Plaintiff does not allege that he has tendered, or is able to tender, the debt secured by the subject property.

[8] The court also notes that to the extent plaintiffs complaint suggest that the foreclosure was wrongful because defendants have not produced the original promissory note, such a claim is also not cognizable. California law "does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 WL 2136969 at *2 (N.D. Cal., July 16, 2009). See also De Valle v. Mortgage Bank of California, No. CV-F-09-1316 OWW/DLB, 2010 WL 1813505, *1-2 (E. D. Cal. May 5, 2010); Nool v. HomeQ Servicing, 653 F. Supp.2d 1047, 1053 (E.D. Cal. 2009).

III.     Any Fraud Claim by Plaintiff is Insufficient and Not Cognizable

Plaintiff's complaint suggests a claim that he was fraudulently induced by defendants to enter into the mortgage loan in question despite their knowledge that he would eventually default on the loan. Any such claim fails as a matter of law.

First, it is impossible to ascertain with any degree of particularity the precise conduct being alleged by plaintiff as to each of the named defendants. As such, plaintiff has failed to place the defendants on notice of the claim or claims being asserted against it. Furthermore, however, plaintiffs' claim invokes no applicable statutory or common law authority pursuant to which relief could be granted by the court.

Nonetheless, construing the complaint liberally, the court notes that under California Civil Code § 1689(b)(1), a party to a contract may rescind the agreement if his consent to the contract was obtained through fraud. However, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b). A claim of fraud under California law must allege the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996) (internal quotation marks omitted).

The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988). When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" Lazar, 12 Cal.4th at 645 (quoting Tarmann v. State Farm Mutual Auto. Ins.

1  Co., 2 Cal. App. 4th 153, 157 (1991)).  See also e.g. Spencer v. DHI Mortgage Co., Case No. CV
2  F 09-0925 LJO DLB, 2009 WL 1930161, at *6 (E.D. Cal. June 30, 2009).  Moreover, dismissal of
3  a fraud claim is appropriate when its allegations fail to meet the required pleading standard.  Vess,
4  317 F.3d at 1107; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations
5  must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged");
6  Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994); 1991); Tarmann, 2 Cal. App.4th at
7  157.
8          Here, plaintiff merely alleges in conclusory fashion that the foreclosure on his
9  home was "by way of fraud" and that he was "fraudulently induced" by defendants to enter this
10 allegedly "fraudulent transaction."  (Notice of Removal (Doc. No. 1), Compl. at 9 & 15 of 68.)
11 Such general and vague allegations are clearly insufficient to state a cognizable fraud claim under
12 the legal standards set forth above.  Because plaintiff has not alleged fraud with the required
13 particularity to state a plausible claim for relief, any fraud claim should be dismissed.

14 IV.    Unfair Debt Collection Practices
15         Plaintiff's complaint also perhaps suggests a claim that defendants engaged in
16 unfair debt collection practices in violation of either the Rosenthal Fair Debt Collection Practices
17 Act (RFDCPA), the Federal Fair Debt Collections Act (FDCPA), or the Real Estate Settlement
18 Procedures Act (RESPA).  However, his complaint provides no factual allegations of any kind in
19 support of such a claim and it is subject to dismissal on that basis alone.
20         The RFDCPA prohibits a host of unfair and oppressive methods of collecting
21 debt, but to be liable under the RFDCPA a defendant must fall under its definition of "debt
22 collector."  Izenberg v. ETS Svcs., LLC, 589 F. Supp.2d 1193, 1199 (C.D. Cal.2008).  A "debt
23 collector" under the RFDCPA is "any person who, in the ordinary course of business, regularly,
24 on behalf of himself or herself or others, engages in debt collection."  California Civil Code §
25 1788.2(c).  As noted, plaintiff does not identify in their complaint the sections of the RFDCPA
26 that defendants allegedly violated and fail to allege facts that would support the inference that

defendants are "debt collectors" under the RFDCPA.  Plaintiff's complaint fails to allege essential elements necessary to establish liability as a "debt collector," namely that the deed of trust memorializes a "consumer credit transaction" and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA.  See California Civil Code § 1788.2(b) and (f).  Plaintiffs' bare allegations, without even identifying what part of the RFDCPA defendants violated, are insufficient to survive a motion to dismiss.  See Rosal v. First Fed. Bank of Cal., No. 09-1276, 2009 WL 2136777, at * 18 (N.D. Cal. July 15, 2009).

Additionally, foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA.  See Izenberg, 589 F. Supp.2d at 1199; see also Rosal, 2009 WL 2136777, at *18 (dismissing RFDCPA claim as to all defendants in foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009) (dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); Pittman v. Barclays Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing with prejudice plaintiff's Rosenthal Act claim in foreclosure case because a "residential mortgage loan does not qualify as a 'debt' under the statute"); Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009) (dismissing RFDCPA claim in foreclosure case).  Since residential mortgage loans do not fall within the RFDCPA, the court should grant defendants' motion to dismiss any cause of action possibly brought by plaintiff under the RFDCPA.

To the extent plaintiff is attempting to allege that a non-judicial foreclosure on the subject property violates the Fair Debt Collection Practices Act  (FDCPA), 15 U.S.C. § 1692, et seq., he once again cannot state a cognizable claim.  The FDCPA does not apply to non-judicial foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds,761 F.2d 237 (5th Cir. 1985).  Moreover, foreclosing on the

subject property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA.  Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp.2d 1188, 1204 (D. Or. 2002); Ines v. Countrywide Home Loans, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008).

Finally, while RESPA's purpose is to "curb abusive settlement practices in the real estate industry, "[s]uch amorphous goals, however, do not translate into a legislative intent to create a private right of action." Bloom v. Martin, 865 F. Supp. 1377, 1385 (N.D. Cal.1994), aff'd, 77 F.3d 318 (9th Cir. 1996).  See also Bojorquez v. Gutierrez, No. C 09-03684 SI, 2010 WL 1223144, at *8 (N.D. Cal. Mar. 25, 2010) (no private right of action for disclosure violations under RESPA).  "The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603 . . . Congress did not intend to provide a private remedy . . . ." Bloom, 865 F. Supp. at 1384.  The absence of a private right of action for RESPA disclosure violations is fatal to any unfair debt collection practices claim plaintiff may be attempting to bring based on such alleged violations.

V.     Negligence Claim

In his complaint plaintiff suggests that he is pursuing a negligence claim against the defendants based upon their fiduciary position "toward" him.  However, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App.3d 1089, 1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior Court, 145 Cal. App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender).  Rather, a commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark, 231 Cal. App.3d at 1093 n. 1 (citing Kruse v. Bank of America, 202 Cal. App.3d 38, 67 (1988)).  Plaintiff's complaint contains only bare

conclusory allegations of negligence, which are insufficient to withstand a motion to dismiss.  See Twombly, 550 U.S. at 555-56.

VI.    Unjust Enrichment/Conspiracy

Plaintiff's complaint may be read as suggesting a claim that defendants unlawfully conspired to enrich themselves to his detriment by offering him a loan based on an inflated property value that they knew he would default upon and then foreclosing on the property securing that loan.  Such allegations do not state independent causes of action.  However, they may suggest that plaintiff is attempting to claim a breach of the implied covenant of good faith and fair dealing.  Any such claim would also fail.

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract."  Fortaleza v. PNC Fin. Servs. Group, Inc., 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing Racine & Laramie v. Dep't of Parks & Rec., 11 Cal. App. 4th 1026, 1031 (1992)).  The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." Pasadena Live, LLC v. City of Pasadena, 114 Cal. App.4th 1089, 1093-1094 (2004).  See also Guz v. Bechtel Nat. Inc., 24 Cal 4th 317, 349-50 (2000)  "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself ."  Wolf v. Walt Disney Pictures and Television, 162 Cal. App.4th 1107, 1120 (2008).

Defendants had no duty to disclose to plaintiff that he did not have the ability to repay his loan. See Cross v. Downey Savings & Loan Ass'n, No. CV 09-317 CAS (Ssx), 2009 WL 481482, at *5 (C.D. Cal. Feb 23, 2009) (citing Nymark, 231 Cal. App. 3d at 1096).  See also Davidson v. Countrywide Home Loans, Inc, No. 09-CV-2694-IEG (JMA), 2010 WL 2925440, at *9 (S.D. Cal. July 23, 2010) ("[T]o the extent Plaintiffs bases this claim on the contention that

Countrywide gave Davidson a loan she could not afford, this claim would fail."); Camillo v. Washington Mutual Bank, F.A., No. 1:09-CV-1548 AWI SMS, 2009 WL 3614793, * 7 (E.D. Cal. Oct. 27, 2009) ("Thus, Defendants had not duty to disclose to [Plaintiffs] that [they] did not have the ability to repay the loan.")

Accordingly, defendants' motion to dismiss any unjust enrichment or conspiracy cause of action should be granted.

VII. Motion to Strike Damages Claim

Because the undersigned is recommending that all of plaintiff's claims against the moving defendants be dismissed, it is not necessary to address the motion of defendant First American Loanstar Trustee Services to strike plaintiff's prayer for relief with respect to damages. But see Whittlestone, Inc. v. Handi-Craft Company, ___F.3d___,___, No. 09-16353, 2010 WL 3222417, at *3-4 (9th Cir. Aug. 17, 2010) (in a case of first impression holding that Federal Rule of Civil Procedure 12(f) does not authorize a district court to strike or dismiss a claim for damages on the basis that it is precluded as a matter of law).

VIII. Granting Leave to Amend Would Be Futile

The undersigned has carefully considered whether plaintiff may amend his complaint to state any cognizable claim against the two moving defendants. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this case given the obvious deficiencies in and frivolous nature of plaintiff's complaint. Accordingly, the undersigned will recommend that the this action be dismissed as to defendants First American Loanstar Trustee Services and Wells Fargo Home Mortgage with prejudice.

/////

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendant First American Loanstar Trustee Services' motion to dismiss (Doc. No. 10) be granted pursuant to Federal Rule of Civil Procedure 12(b)(6);

2. Defendant Wells Fargo Home Mortgage's motion to dismiss (Doc. No. 15) be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and

3. This action be dismissed as to the two moving defendants with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 30, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.pro se/miller0284.mtd.f&r