IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERIC MILLER,

    Plaintiff,   No. CIV S-10-0284 GEB DAD PS

    vs.

WELLS FARGO HOME MORTGAGE, et al.,   FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

    This case came before the court for a Status (Pretrial Scheduling) Conference on October 29, 2010, pursuant to the order setting status conference filed and served on August 31, 2010 (Doc. No. 22). Charles W. Nugent, III, Esq. appeared on behalf of defendant HBA Mortgage, Inc. No appearance was made by or on behalf of plaintiff, who is proceeding pro se in this case. Nor did plaintiff file a status report, as required by the order setting status conference. Upon consideration of the entire file, the undersigned now recommends that plaintiff's remaining claims be dismissed with prejudice.

PROCEDURAL HISTORY

    Plaintiff originally filed his complaint in the Sacramento County Superior Court on December 31, 2009. On February 3, 2010, defendant Wells Fargo Home Mortgage removed the action pursuant to 28 U.S.C. §§ 1441(b) and 1446 on the grounds that plaintiff's claims for

foreclosure by way of "fraudulent inducement" and "illegal usury practices" are completely preempted under the National Bank Act (12 U.S.C. §§ 85, 86) and that this court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.  <u>See</u> Notice of Removal (Doc. No. 1, Ex. A.) Defendant First American Loanstar Trustee Services joined in and consented to the removal on February 3, 2010.  (Doc. No. 2.)

On February 10, 2010, defendant First American Loanstar Trustee Services and defendant Wells Fargo Home Mortgage filed motions to dismiss.  (Doc. Nos. 10 & 15.)  On February 16, 2010, defendant HBA Mortgage, Inc. filed an answer to plaintiff's complaint.  (Doc. No. 18.)

Plaintiff did not file opposition to defendants' motions to dismiss and did not appear at the hearing of defendants' motions on March 26, 2010.  In findings and recommendations filed on August 31, 2010, the undersigned recommended that the action be dismissed with prejudice as to the two moving defendants.  (Doc. No. 21.)  Plaintiff did not file objections to the findings and recommendations.  On September 28, 2010, the assigned district judge adopted the findings and recommendations, and the action was dismissed with prejudice as to defendants Wells Fargo Home Mortgage and First American Loanstar Trustee Services.  (Doc. No. 23.)

Seven defendants named in plaintiff's complaint have never appeared in this action.  There is no evidence in the record that plaintiff effected service of process on those defendants.  In the order setting status conference, the court advised plaintiff that any defendant who was not served with a summons and a copy of plaintiff's complaint within 120 days from the date on which the complaint was filed "shall be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure."  (Doc. No. 22 at 3.)

The court's August 31, 2010 order setting status conference required plaintiff to file and serve a written status report on or before October 15, 2010 and to appear at the status conference on October 29, 2010, either in person or telephonically.  (Doc. No. 22 at 2.)  Plaintiff

was cautioned that failure to file a timely status report or failure to appear at the status conference in person or telephonically may result in a recommendation that this case be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules. Despite the court's warning, plaintiff did not comply with the orders to file a status report and appear at the status conference.

The court's docket reveals that plaintiff has filed no document with the court in this action since it was removed from state court more than a year ago, and plaintiff has never appeared at any court hearing or status conference held in this case. The record reflects that all orders issued in this case were mailed to plaintiff at his address of record, and no document served on plaintiff by the court has been returned to the court as undeliverable. Plaintiff appears to have abandoned this lawsuit.

ANALYSIS

The factors to be weighed in determining whether to dismiss for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Ferdik, 963 F.2d at 1260.

Here, plaintiff's complete lack of participation in this case post-removal renders monetary sanctions unavailable, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to defendant HBA Mortgage, Inc. and the seven unserved defendants all support the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, in the absence of a showing of good cause, dismissal of the unserved defendants is mandated by Rule 4(m) of the Federal Rules of Civil Procedure in any event, and plaintiff's complete abandonment of his

claims against defendant HBA Mortgage, Inc. makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed with prejudice as to all remaining defendants due to lack of prosecution.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as to all remaining defendants due to lack of prosecution, as evidenced by plaintiff's failure to effect service of process upon seven defendants within the time specified by Federal Rule of Civil Procedure 4(m), failure to appear at the status (pretrial scheduling) conference, failure to file a status report, and failure to prosecute the action in any manner since February 3, 2010.  See Fed. R. Civ. P. 41(b).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven (7) days after service of the objections.  The pro se plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\miller0284.dlop.f&r

4